IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE DRAKE-LOVELESS,

    Plaintiff,

v.     No. 1:24-cv-00977-KK

PAIGE N. OCHS,
JOHN PAVLICEK,
KYLENE PAVLICEK,
LAURA SCHLAFMAN-PHILLIPS and
EXP REALTY,

    Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 1, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 1, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $2,205.00; (ii) Plaintiff's monthly expenses total $2,522.00; and (iii) Plaintiff has $84.00 in cash and $84.00 in a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her total monthly expenses exceed her monthly income.

**Order to Show Cause**

This case arises from Plaintiff's purchase of a home owned by Defendants John and Kylene Pavlicek.  *See* Complaint at 7.   Defendant Ochs, a realtor for Defendant EXP Realty, represented Defendants Pavlicek during the purchase.  *See* Complaint at 4, 7.  Defendant Schlafman-Phillips, a neighbor on an adjoining property to Plaintiff's property, owns a "nuisance dog."  Complaint at 17, 19.  Plaintiff alleges that Plaintiffs Pavlicek, Ochs and EXP Realty failed to disclose the nuisance dog on the Adverse Material Facts Property Disclosure Statement and that these Defendants "acted in concert" with Defendant Schlafman-Phillips to conceal Defendant Schlafman-Phillips' nuisance dog from Plaintiff.  *See* Complaint at 7-8.  Plaintiff asserts claims

pursuant to 42 U.S.C. § 1983 and the Truth In Lending Act ("TILA").  *See* Complaint at 1, 7.  Plaintiff seeks, among other things, rescission of the real estate transaction pursuant to TILA.  *See* Complaint at 21, 25.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no allegations that Defendants were acting under color of state law.

The Complaint fails to state a claim pursuant to TILA.  "TILA is remedial legislation, designed to prevent predatory creditor practices."  *James v. Ford Motor Credit Co.*, 638 F.2d 147, 149 (10th Cir. 1980).  TILA requires a creditor to "disclose to the person who is obligated on a . . . consumer credit transaction the information required under this subchapter."  15 U.S.C. § 1631(a).  The required content of disclosures includes, among other things, the amount financed, itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, total payments and total sale price.  *See* 12 C.F.R. § 1026.18.  "TILA grants borrowers rights to rescind certain consumer credit transactions involving a security interest in the borrower's primary residence" "when a creditor fails to deliver the material disclosures and information and rescission forms required by TILA."  *Pohl v. U.S. Bank for Merrill Lynch First Franklin Mortgage Loan Trust Back Cert*, 859 F.3d 1226, 1228 (10 Cir. 2017) (citing 15 U.S.C. § 1635(a)).  There are no allegations in the Complaint that Defendants are "creditors" or that they failed to make the disclosures required by TILA.  The only information that Plaintiff alleges Defendants failed to disclose is the presence of neighbor's nuisance dog.

The Court orders Plaintiff to show cause why the Court should not dismiss the claims pursuant to 42 U.S.C. § 1983 and TILA for failure to state a claim.  If Plaintiff asserts the Court

should not dismiss those claims, Plaintiff must file an amended complaint. The Amended Complaint must comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Order for Notice**

Plaintiff Joyce Drake-Loveless filed this case on October 1, 2024. Plaintiff Joyce Stevenson filed a case involving a real estate dispute on October 1, 2024. *See Stevenson v. Kynor*, No. 1:24-cv-00976-KRS. The Complaints and Applications to proceed *in forma pauperis* in both cases indicate that Plaintiff Joyce Drake-Loveless in this case is the same person as Joyce Stevenson in *Stevenson v. Kynor* because they show that Drake-Loveless and Stevenson have the same last four digits of their social security number, are the same age, have the same address and phone number, and have identical information regarding their income, expenses and assets. The Court orders Plaintiff to file a notice indicating if she filed the complaint in *Stevenson v. Kynor* under the name Joyce Stevenson, stating her legal name and explaining why she has filed two complaints with different names.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local*

> *Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 1, 2024, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file and amended complaint may result in dismissal of this case.

(iii) Plaintiff shall, within 21 days of entry of this Order, file a notice indicating if she filed the complaint in *Stevenson v. Kynor* under the name Joyce Stevenson, stating her legal name and explaining why she has filed two complaints with different names.

*/s/ Kirtan Khalsa*
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**