IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE DRAKE-LOVELESS,

       Plaintiff,

v.                                         No. 1:24-cv-00977-KG-KK

PAIGE N. OCHS,
JOHN PAVLICEK,
KYLENE PAVLICEK,
LAURA SCHLAFMAN-PHILLIPS and
EXP REALTY,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This case arises from *pro se* Plaintiff's purchase of a home owned by Defendants John and Kylene Pavlicek. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7, Doc. 1, filed October 1, 2024 ("Complaint"). Defendant Ochs, a realtor for Defendant EXP Realty, represented Defendants Pavlicek during the purchase. *See* Complaint at 4, 7. Defendant Schlafman-Phillips, a neighbor on an adjoining property to Plaintiff's property, owns a "nuisance dog." Complaint at 17, 19. Plaintiff alleges that Defendants Pavlicek, Ochs and EXP Realty failed to disclose the nuisance dog on the Adverse Material Facts Property Disclosure Statement and that these Defendants "acted in concert" with Defendant Schlafman-Phillips to conceal Defendant Schlafman-Phillips' nuisance dog from Plaintiff. *See* Complaint at 7-8. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and the Truth In Lending Act ("TILA"), and for failure to disclose material facts in a real estate transaction, and fraudulent concealment and nondisclosure. *See* Complaint at 1, 7, 15, 17. Plaintiff seeks, among other things, rescission of the real estate transaction pursuant to TILA. *See* Complaint at 21, 25.

    United States Magistrate Judge Kirtan Khalsa notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendants were acting under color of state law.
>
> The Complaint fails to state a claim pursuant to TILA. "TILA is remedial legislation, designed to prevent predatory creditor practices." *James v. Ford Motor Credit Co.*, 638 F.2d 147, 149 (10th Cir. 1980). TILA requires a creditor to "disclose to the person who is obligated on a . . . consumer credit transaction the information required under this subchapter." 15 U.S.C. § 1631(a). The required content of disclosures includes, among other things, the amount financed, itemization of the amount financed, the finance charge, the annual percentage rate, the payment schedule, total payments and total sale price. *See* 12 C.F.R. § 1026.18. "TILA grants borrowers rights to rescind certain consumer credit transactions involving a security interest in the borrower's primary residence" "when a creditor fails to deliver the material disclosures and information and rescission forms required by TILA." *Pohl v. U.S. Bank for Merrill Lynch First Franklin Mortgage Loan Trust Back Cert*, 859 F.3d 1226, 1228 (10 Cir. 2017) (citing 15 U.S.C. § 1635(a)). There are no allegations in the Complaint that Defendants are "creditors" or that they failed to make the disclosures required by TILA. The only information that Plaintiff alleges Defendants failed to disclose is the presence of neighbor's nuisance dog.

Order to Show Cause at 3, Doc. 5, filed October 3, 2024. Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss the claims pursuant to 42 U.S.C. § 1983 and TILA for failure to state a claim and to file an amended complaint. *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).

    The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 and TILA because: (i) the Complaint fails to state claims pursuant to 42 U.S.C. § 1983 and TILA; (ii) Plaintiff did not show cause why the Court should not dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and TILA; and (iii) Plaintiff did not file an amended complaint by the October 24, 2024, deadline.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
UNITED STATES DISTRICT JUDGE